ALBANY,
August, 1810.

HEATH *against* M'INROY.

HEATH
v.
M'INROY.

THIS was an action of *trespass*, and was tried at the *Washington* circuit, on the 19th of *June*, 1810, before Mr. Justice *Van Ness.*

It was proved, that the plaintiff, being at a tavern, with a sleigh and horses, the defendant took one of the horses out of the sleigh, and led him away, though charged not to do so, by the plaintiff. It appeared that one *Crandall*, an officer, had an attachment against *Chittenden*, at the suit of the defendant, and the defendant requested him to take the horse in question, which he refused to do; upon which the defendant took the horse and delivered him to the officer, on the attachment, as the property of *Chittenden.* The attachment was never returned. It further appeared, that the horse in question, had before belonged to *Chittenden*, who delivered him to *Heath*, as security for a debt, for which an attachment had been issued by *Heath*, against *Chittenden*, but no trial ever took place. The jury found a verdict for the plaintiff, for 50 dollars damages, and six cents costs.

The plaintiff's counsel applied to the judge, to certify that the trespass was wilful and malicious; but the judge refused to grant the certificate, and referred the plaintiff to the decision of the court, as to the propriety of granting it.

*Crary*, for the plaintiff, now moved, that the judge, before whom the cause was tried, should endorse his certificate on the record. He cited, *Laws of New-York*, vol. 1. p. 530. sess. 24. c. 170. s. 8. 2 *Sellon's Pr.* 436. 6 *Term Rep.* 11.

*Z. R. Shepherd*, contra.

In actions of trespass, it rests in the discretion of the judge at the trial, to certify, whether the trespass was wilful and malicious, so as to entitle the plaintiff to full costs; and if he refuses, the court will not interfere, on an appeal from his decision.

It seems, that a *voluntary* trespass is not, *per se*, wilful and malicious, within the meaning of the act; (24 sess. c. 170. s. 8.) but it should appear to be done *mala fide*, or with an intention to injure or vex the plaintiff, or with a consciousness of violating right.

ALBANY,
August, 1810.

PETERS and
GEDNEY
v.
HENRY.

*Per Curiam.* The better construction of the statute seems to be, and such is now the construction given to it, in *England*, (*Good* v. *Watkins*, 3 *East*, 495.) that it rests in the *discretion* of the judge who tries the cause, to determine, from the testimony, whether the trespass was wilful and malicious; and if the judge refuses, the K. B. will not interfere. The court will not, therefore, make any order in this case. Some of the cases on the construction of the statute (for the statute of 8 and 9 *W.* III. and ours is the same) have been rather rigid, both in *England* and in this court; and if the court were now to give an opinion, we should not be inclined to consider every voluntary trespass, *per se*, wilful and malicious. This appears to be too narrow a construction; the statute seems to have meant, by the words *wilful and malicious*, some act done *mala fide*, or with an intention to injure or vex the plaintiff, or with a consciousness of violating right.

Motion denied.