## Winston v. The Trustees of the University of Alabama.

1. Where the declaration does not disclose the facts on which the plea is founded, such facts must be averred in the plea.
2. In an action of assumpsit on the common counts, a plea of the statute of limitations of three years, which does not aver that the plaintiff's cause of action is an open account, is not a good plea.

Error to the Circuit Court of Tuscaloosa County.

THIS action of assumpsit was brought by the plaintiff in error against the defendant in error.

The declaration consists of the common money counts, for money had and received, and money paid, laid out, and expended. The amount of indebtedness is laid at three thousand dollars.

The defendant pleaded non assumpsit, and also that they did not promise at any time within three years next before the commencement of the suit. The plaintiff took issue on the first and demurred to the second plea, which demurrer being overruled by the court, and the plaintiff declining to plead over, judgment was rendered for the defendant. From this judgment this writ of error is prosecuted, and the plaintiff now assigns for error the judgment of the court below on the demurrer.

PECK, for plaintiff in error.
PORTER, contra.

ORMOND, J.—The declaration does not disclose the precise nature of the plaintiff's demand. It is the common counts for money had and received, and money paid, laid out, and expended for the defendant's use. Under this count the plaintiff might give in evidence a bill of exchange or promissory note, or a gross sum received by the defendant for the use of the plaintiff

or paid by the plaintiff at the defendant's request, and in either case it is obvious the statute of limitation of three years, would not apply. Although it may be true that the plaintiff might declare in this general form and maintain his action by proof, which would constitute an open account, yet, as the law authorizes him thus to declare, a plea which would not meet every aspect of the plaintiff's case, would not be good on demurrer.

A plea cannot be sustained which rests for its validity upon a supposed state of facts, which may not exist ; it would want that certainty which is necessary in all legal proceedings. If the declaration is general, as in this case, the defendant may, on motion, compel the plaintiff to furnish a bill of the particulars of the cause of action ; but if he declines or neglects this, and the declaration does not state the facts upon which the plea is founded, they must be averred in the plea, that the plaintiff may take issue upon them either in fact or in law. In general, this rule is confined in its application to new matter set up in avoidance of the plaintiff's demurrer. But in the action of assumpsit, from the general form of declaring permitted by law in a case like the present, the defendant must, in his plea, show affirmatively that the bar of the statute has taken place. In this case the statute of three years being relied on, and the declaration being sufficient to authorize the introduction of proof of a claim, which would not be barred until the lapse of six years, the defendant must, to avail himself of the statute of three years, plead specially that the demand sued for is an open account; thus narrowing the controversy to a single point, on which an issue can be taken.

This appears to be the form of pleading on a statute similar to ours in the State of Kentucky. (Dyote v. Letcher, 6 J. J. Marshal, 541.)

Let the judgment be reversed and the cause remanded.