### CARUTHERS & KINKLE v. MARDIS' ADM'RS.

1. A promise by one of several executors or administrators, will not take a case out of the statute of limitations.

2. An account, consisting of the price of a carriage, purchased and paid for by the plaintiff for the defendant, at his request, together with the costs of the transportation from New York to New Orleans, is not an open account, so as to be barred by the statute of limitations of three years.

3. Where there are several joint executors or administrators residing within the State, all must be served with process, and a discontinuance entered as to one, upon whom process is not served, will be a discontinuance of the action.

4. A judgment will not be reversed, though the Court may have erred in its charge, if upon the entire record it is obvious the plaintiff never can recover.

Error to the County Court of Talladega.

ASSUMPSIT in the Court below, by the plaintiff in error, against the defendants in error.

The writ was sued out by the plaintiff against Leonard Tarrant, Mary E. Mardis and Reuben Mardis, adm'rs and adm'x of Samuel Mardis, deceased, executed on Tarrant and Mrs. Mardis, and not found as to Reuben Mardis. The declaration is in the usual form against those on whom the writ is served, and the action discontinued as to Reuben Mardis. The defendants demurred to the declaration, which being overruled, they pleaded,

1. The statute of *non claim:*
2. The statute of limitations of three years.
3. *Non assumpsit.*
4. Set-off, and
5. Payment.

On all of which, issue was joined.

Upon the trial before the jury, it appears from the bill of excep tions, that the plaintiff offered in evidence an account for seven hundred and sixteen dollars, which he had paid for the intestate of the defendant, for a carriage purchased for him, to which was added the freight from New-York to New-Orleans, which purchase was made in May, 1835, and proved the presenta tion of the account to one of the administrators within the

time required by law. The plaintiff also introduced an account book of the deceased, with the following entry in his hand writing: "Paid Caruthers & Kinkle, four hundred dollars, part of the amount due them for a carriage.' And also proved the admission of Mardis, that he had directed Kinkle & Caruthers, to procure him a carriage from the north, and that the price there was seven hundred dollars, and that the carriage was received. It was also proved that one of the administrators had promised to pay the account.

Upon this testimony, the plaintiff moved the Court to charge the jury, that if they believed from the evidence, that the administrators or either of them, admitted the debt, and promised to pay it, within three years before the commencement of the suit, it would prevent the bar of the statute.

2. That if plaintiffs in procuring the carriage, acted as the agent of intestate, that the statute of three years did not apply, and that the suit was not barred by the statute; which charges the Court refused, and the plaintiff excepted.

The jury found a verdict for the defendants, and the Court rendered judgment accordingly, from which this writ of error is prosecuted.

The plaintiff assigns for error, the matters of law arising out of the bill of exceptions.

Hopkins, for the plaintiff in error, cited 16 Johns. 277; 4 Cowen, 493; 8 Porter, 230; 3 Stewart, 288; Minor's Rep. 353.

Chilton, contra, referred to 5 Wendell, 558; 3 ib. 397; 4 Cowen, 494; 11 Johns. 101.

ORMOND, J.—The case cited from 6 Johns. 277, certainly sustains the doctrine contended for by the counsel for the plaintiff in error, that a promise by one of several executors or administrators, will take a case out of the statute of limitations. That case however, is expressly overruled by the subsequent one of Forsyth v. Ganson, 5 Wend. 558, in which the former is denied to be law, and such is our opinion. Such was also the decision in the cases of Tulloch v. Dunn, Ryan & Moody, 416, and Atkins v. Tredgold, 2 Barn & Cress. 12.

Two statutes of limitation are in force in this State, applicable to parol contracts. The first, declares that all actions of

Caruthers & Kinkle *v.* Mardis' adm'rs.

account, and upon the case, except actions for slander, and such as concern the trade of merchandize, between merchant and merchant, their factors or agents, shall be commenced within six years, &c. Aik. Dig. 270. A subsequent statute provides that "no action shall be brought to recover any money due by open account, after the expiration of three years from the accruing of the cause of action." Aik. Dig. 272.

This question has been before this Court in the cases of Maury's adm'rs v. Mason's adm'r, 8 Porter 230; and again in Sheppard v. Wilkins, 1 Ala. Rep. 62, in both of which the Court attempted to define the term, *open account*. In the former it was held that an account was not necessarily open, because it was not stated or reduced to writing, if its terms were fixed and certain. In the latter, it was held that an open account is one in which some term of the contract is not settled by the parties, whether the account consists of one item or many.

The account in this case was the price of a carriage, purchased and paid for by the plaintiffs, at the instance of the deceased, with the cost of the freight from New-York to New-Orleans. This is not an open account, according to either of the definitions cited. If there was no express promise to that effect, the law would imply a promise to pay the cost of the carriage, for which the plaintiffs became responsible, and actually paid, and the costs of transportation. The amount, therefore, which the deceased owed, was not dependant on any future liquidation or settlement between the parties, but followed as a legal consequence, from his authorising the purchase to be made on his account. In the language of the case just cited, there was no term of the contract open for adjustment, and it was therefore not an open account within the meaning of the statute, and the Court erred in not giving the second charge asked for.

It is, however, insisted by the counsel for the defendant in error, that if the Court erred in its charge, the cause will not be remanded, as the demurrer to the declaration should have been sustained.

It is true, that the cause will not be reversed, though the Court may have erred in its charge, if upon the entire record it is obvious, the plaintiff never can recover; but the objection which exists to this declaration, is not of that character. The

38

only objection to the declaration brought to our notice is, the discontinuance of one of the administrators. In Williams & Ivey v. Sims, 8 Porter, 579, we held that several joint executors were, at common law, considered but one person, and that in this State, under our statutes, all executors who have qualified as such, and reside within the State, must be joined in the action. It was also held that the statute authorising a discontinuance in the case of a joint obligor, not served with process, did not apply.

The decision referred to, was made in reference to executors; but in this State, and for the purposes of this inquiry, there is no difference between executors and administrators.

Although, therefore, the discontinuance of one of the adm'rs may be a discontinuance of the entire action, it is an objection which the defendant cannot avail himself of here, in this proceeding, and has only been looked to for the purpose of showing that it is not such an error as would entitle the defendant to judgment, notwithstanding the error committed by the Court in its charge to the jury.

Let the judgment be reversed, and the cause remanded, for further proceedings.