## STANDIFER v. WHITE.

1. A plea which assumes to answer the whole declaration, but omits to answer a material part, is bad on demurrer.

2. A parol stipulation made at the time of the execution of a bill single, that it shall not be enforced until the obligee relieves the obligor from security debts he is then bound for, cannot affect the bill single, as a contract under seal cannot be modified or discharged by an unexecuted parol contract.

Writ of Error to the County Court of Sumter.

DEBT by White against Standifer.

The declaration contains two counts, the first of which is on a bill single, made by the defendant, on the 31st January, 1840, payable to High & Travis, for $1101 26, one day after its date, and assigned to the plaintiff, by the said High & Travis, on the 19th May, 1840. The second is on a bill single, made by High & Travis, payable to one John Hawkins, and by him assigned to High & Travis, and by them to the plaintiff.

The defendant pleaded—1. *Nil debit.* 2. A special plea in the terms following, to wit : *Actio non,* because he says that at the time said writing obligatory, mentioned in the first count of the declaration was made, and delivered to the said High & Travis, to wit, on the 31st day of January, 1840, the said defendant was bound as security for the said High & Travis, to the Branch of the Bank of the State of Alabama

at Decatur, for a large sum of money, to wit, the sum of three thousand dollars, then due; and the said defendant, on the day and year aforesaid, was also liable as accommodation indorser, on a certain bill of exchange, which before that time, to wit, on the first day of June. 1838, had been discounted by the said Branch Bank, and the money paid over to said High & Travis; the said bill of exchange was for the sum of $4200, and that sum was received by said High & Travis. And the said High & Travis, at the execution and delivery of the said writing obligatory, promised to the defendant to pay to the said Bank the said several sums of money in said promissory notes and bill of exchange mentioned, before they would demand payment of the said writing obligatory, and before the said defendant should be liable to pay the same, and until the said several sums of money were paid, the said writing obligatory was to be held for nothing. And the said defendant further saith, that the said High & Travis, have not, nor has either of them, paid the said several sums of money, in said promissory notes and bill of exchange mentioned, and that he is still liable for the same. The said defendant further says, that the said High & Travis afterwards, to wit, on the 1st day of June, 1840, became and were wholly insolvent, and still are insolvent, and this he is ready to verify, wherefore he prays judgment if the plaintiff ought to have or maintain his said action.

This plea is verified by the oath of the defendant.

The plaintiff demurred to both pleas, and his demurrer was sustained by the court.

The overruling of the second plea is the only error assigned.

S. W. Inge, for the plaintiff in error.

Jon. Bliss and J. G. Baldwin, contra, insisted the plea was bad—1. As assuming to answer the whole action, and answering a part of it only, [Deshler v. Hodges, 3 Ala. Rep. 509.] 2. The matter pleaded goes only to show the action prematurely brought, and therefore is in abatement, and should not be pleaded in bar. [3 Ala. Rep. 516; 5 Ib. 380.] 3. The matter of the plea is a parol executory agreement, made

Garrett, Adm'r, v. Ricketts, et al.

at the same time with the bond due to High & Travis, to alter and control it. This cannot be done. [McNair v. Cooper 4 Ala. Rep. 660; 1 Ib. 42.]

GOLDTHWAITE, J.—1. This plea is clearly bad, within the case of Deshler v. Hodges, 3 Ala. Rep. 509, where we say, if a plea profess to answer more than it afterwards answers, the whole plea is bad, and the plaintiff may demur. Here the plea is to the entire action, and yet only answers one count.

2. But it is bad for another reason, if we are to consider it as setting up the final agreement not to sue, made with High & Travis, when the defendant executed the bill single. The rule is, that contracts under seal cannot be modified or discharged by unexecuted parol agreements, whether made at the same or at a subsequent time. [McNair v. Cooper, 4 Ala. Rep. 660; Barelli v. O'Conner, 6 Ib. 617.] In either aspect of this plea, the demurrer was properly sustained.

It is not impossible the pleader intended to bring the case within the principles settled in Rhodes v. T. & C. Co., 8 Ala. 206, in consequence of the insolvency of High & Travis. It may be remarked in this connection, that the case cited was a suit in equity, and the defence was asserted after the payment of the secured debts.

Let the judgment be affirmed.