## BROOKS *vs.* McFARLAND.

1. When the declaration contains only the common counts, and the statute of limitations of *three years* is pleaded as a bar, the plea is bad unless it avers that the plaintiff's demand is for an open account; and this, though the statute is pleaded "in short by consent."

ERROR to the Circuit Court of Fayette.

Tried before the Hon. Wm. R. Smith.

This was an action of assumpsit, for services as an attorney at law and solicitor in chancery. The declaration contains the common counts only, three in number, for an *indebitatus assumpsit*, for work and labor, and on a *quantum meruit*. The pleas were, the general issue and some others; among them the statute of limitations of three years, which is plead-in these words: "Defendant in short by consent pleads the statute of limitations of three years." There was a demurrer to this plea of the statute of limitations, which demurrer the court overruled.

The parties went to trial, and the whole of the evidence, which was by deposition, is set out in the record, and establishes very clearly the right of the plaintiff to recover, unless barred by the statute of limitations. The court instructed the jury that they should find for the defendant. The testimony also shows that the plaintiff's demand was an open account.

The overruling of the demurrer to the plea of the statute of limitations, and the charge of the court as aforesaid, are assigned for error.

P. & J. L. MARTIN, for plaintiff in error.
No counsel for defendant.

PHELAN, J.—There can be no doubt of the correctness of the charge of the court below, under the proof, if the statute of limitations had been properly pleaded.

The precise question here raised by the demurrer to the plea of the statute of limitations was decided by this court in the case of Winston v. The Trustees of the University, 1 Ala. Rep. 124, where the court held, that where the declaration contained the common counts only, and the statute of limitations of *three years* was interposed as a bar, the plea is not good unless it avers that the demand of the plaintiff is for an *open* account. For the reason of the court at length, see that case. The court erred in overruling the demurrer. The error of the court in sustaining the plea, entered of course into the trial and instruction to the jury.

The judgment is reversed, and the cause remanded.