# Galbreath *v.* Cole, *et al.*

*Action on Account, &c.*

61   139
93   329
61   139,
107   643,
61   139
116   535
61   139
143   288

1. *Plea; what bad.*—A plea professing to answer the whole declaration or complaint, is bad on demurrer, if it answers part only.

2. *Same.*—A count for "*goods sold and delivered*" covers a sale, at a stipulated price for cash, or on a credit which had expired before suit was brought; and as the statute of limitations of three years, applies only to open accounts, where some term of the contract is not settled by the parties, the plea, when interposed to a demand for "*goods sold and delivered,*" is bad on demurrer, unless it states that the demand was an open account.

[Galbreath v. Cole.]

3. *Agency; what not sufficient proof of.*—The mere fact that a person claiming to be the agent of plaintiffs, had a statement of an account due them, made out in the handwriting of their book-keeper, is not of itself sufficient proof of the agency.

4. *Same.*—When the evidence does not show the authority of one professing to be agent of a creditor, for the collection of a claim, transactions between the debtor and such person, or statements by him, not known to the creditor, or afterwards ratified by him, are inadmissible against the creditor; and proof of efforts of the debtor to find such person, and to obtain his deposition, is irrelevant.

APPEAL from Blount Circuit Court.

Tried before Hon. LOUIS WYETH.

Appellant, as surviving partner of Galbreath, Stewart & Co., brought this action against the appellees, as late partners of the firm of Lewis Cole & Son. The complaint contains three counts: the first on a promissory note, made by defendants; the second, on account stated; and the third, for goods, wares and merchandise, sold and delivered. The defendants pleaded, in short by consent: " 1. *Non assumpsit.* 2. Payment. 3. Set-off. 4. The statute of limitations of three years. 5. The statute of limitation of six years. 6. Want of consideration. 7. Failure of consideration." The fourth plea was demurred to, " because said plea is not an answer to the several counts in plaintiff's complaint;" second, " because the said plea does not allege that the action is upon an open account, and the said complaint does not show the same." This demurrer was overruled. The plaintiff introduced evidence, which supported the common counts of his complaint, and the defendant relied on an alleged payment, made under the following circumstances: During the fall of 1870, one Moore, who pretended to be the agent of plaintiffs, met defendants at Somerville, Ala., and agreed with them to accept from them ten bales of cotton delivered at Decatur, Ala., in full payment of the claim sued on, and one due by defendants to Terry & Mitchell, a firm which he represented. Moore, at that time, represented that he was the agent of plaintiffs, and had authority to settle their claim; and he in fact then had with him a correct statement of the defendant's account with plaintiff, in the handwriting of plaintiff's book-keeper, one Hoadley, which he exhibited as proof of his agency. This was all the evidence tending to prove the agency of Moore, and plaintiff objected to its introduction, on the ground of irrelevancy, and insufficiency to establish the agency of Moore. The court overruled the objection, and he excepted.

Defendants then proved that they had complied with the

[Galbreath v. Cole.]

agreement made with Moore, and had delivered the ten bales of cotton at Decatur, and in obedience to an order of Moore shipped the same to Terry & Mitchell. Defendants, against the objection and exception of the plaintiff, were permitted to prove that it was customary for merchants residing where defendant lived, to buy goods at various places and pay for the same in cotton. Defendants also introduced evidence, tending to show that since the commencement of this suit they had diligently endeavored to ascertain the whereabouts of Moore, and to take his deposition in their behalf, but they had been unable to obtain his evidence. This evidence was objected to by plaintiff, and an exception reserved to its admission. The various rulings to which exception was reserved, and the overruling of the demurrer, are now assigned as error.

C. F. HAMILL, for appellant.

JOHN W. INZER, contra.

BRICKELL, C. J.—1. The complaint contains three counts, the first on a promissory note made by the defendants, the second, on an account stated, the third, for goods and merchandise sold and delivered. The fourth plea, directed to the entire complaint, is of the statute of limitations of three years, which bars only actions founded on open accounts. It is obvious the plea is not an answer to the first or second count. An elementary rule of pleading is, that a plea professing to answer the whole complaint or declaration, is bad on demurrer, if it is an answer to a part only—1 Chit. Pl. 523; *Adams v. McMillan*, 7 Port. 75; *Deshler v. Hodges*, 3 Ala. 509; *Standifer v. White*, 9 Ala. 527; *Mills v. Stewart*, 12 Ala. 90; *White v. Yarborough*, 16 Ala. 109; *Tompkies v. Reynolds*, 17 Ala. 109; *Wilkinson v. Mosely*, 30 Ala. 562. Nor was the plea an answer to the third count of the complaint. An open account affected by the statute of limitations of three years, is one in which some term of the contract is not settled by the agreement of the parties.—*Maury v. Mason*, 8 Port. 20; *Shephard v. Wilkins*, 1 Ala. 62; *Caruthers v. Mardis*, 3 Ala. 599; *Mims v. Sturdevant*, 18 Ala. 359; *Bradford v. Barclay*, 39 Ala. 33. The count so far from disclosing that any term of the contract of the sale of the goods was unadjusted by the agreement of the parties, is broad enough to cover a sale at a stipulated price, for cash, or on any credit expiring before the commencement of the

[Galbreath v. Cole.]

suit. The plea to have been an answer to the count, ought to have averred the demand stated in it was an open account. *Winston v. Trustees of University*, 1 Ala. 124; *Brooks v. Mc-Farland*, 20 Ala. 483; *Harrison v. Harrison*, 39 Ala. 489. The demurrer on the several grounds assigned, was well taken, and ought to have been sustained.

2. The declarations or conduct of one professing to act as the agent of another, are inadmissible evidence against the principal, without independent proof of his authority.—2 Whart. Ev. § 1184; *Scarborough v. Reynolds*, 12 Ala. 252; *McDougal v. Dawson*, 30 Ala. 553. The authority may, like any other fact, be proved by circumstances. Express, direct evidence, that it was conferred, is not indispensable. The circumstances must be such as are capable of affording a reasonable presumption of it; and if they are not, they are not only insufficient, but inadmissible. The only circumstance shown from which the authority of Moore was to be inferred, was the fact that he had a statement of the account due the plaintiffs, in the handwriting of their book-keeper. If the presumption could be drawn that the book-keeper had entrusted the account to Moore for collection, from his act only, could the presumption be drawn, that he had authority from the plaintiff to appoint Moore their agent, and thus the act of an agent would be converted into evidence of his authority. There was no evidence of Moore's authority to act for, or bind the plaintiff, and the court should have excluded all evidence of the transactions between him and the defendants.

3. Irrelevant evidence, facts and circumstances from which no fair and just inference can be drawn, should not be admitted. "The propriety of this rule must be admitted by all, when we reflect that every fact or circumstance given in evidence may be controverted, and if a party could be permitted to give in evidence facts or circumstances which could afford no light, by which to ascertain the truth of the material matter in dispute, many embarrassing questions would be presented, both for the court and jury, which, when solved would not advance us one step in the material inquiry. Such questions might embarrass the court, and often mislead the mind of the jury from the true matter or point in dispute."—*Governor v. Campbell*, 17 Ala. 574. The question in dispute was the authority of Moore to control and collect the debt due from the defendants to the plaintiff. Whatever may have been the diligence of the defendants to

[Wagner v. Simmons & Co.]

obtain the evidence of Moore, it had no relevancy to this inquiry, and should have been excluded.

The errors of the several rulings of the Circuit Court, to which exceptions were taken, are apparent, and the judgment is reversed and the cause remanded.