## Battle *v.* Reid.

*Bill in Equity by Creditor, to set aside Voluntary Conveyance by Deceased Debtor.*

1. *When creditor without lien may come into equity.*—A creditor without a lien, or by simple contract only, may file a bill in equity to set aside a fraudulent or voluntary conveyance executed by his deceased debtor, and have the property subjected to the payment of his debt, on averment and proof of a deficiency of legal assets ; but an averment that the debtor died insolvent, and an admission of the fact in writing, made to avoid the expense of taking testimony to prove it, are sufficient to satisfy the rule.

2. *Statute of limitations of three years; how pleaded.*—When the statute of limitations of three years is pleaded at law, the plea must aver that the claim or demand sued on is an open account; and the same rule applies in equity, unless the bill shows on its face that such is the nature of the demand.

3. *Open account.*—An open account, within the meaning of the statute of limitations (Code, § 3229), is one in which some term of the contract is left open and undetermined by the parties; or where there are current dealings between them, and the account is kept open because of contemplated future dealings ; but, when goods and merchandise are sold at specified prices, or aggregating a specified sum, the claim is not on its face an open account.

4. *Mortgage to creditor, of lands fraudulently conveyed, and foreclosure thereof in equity ; application of principle, that equity will sustain voluntary act which it would have compelled.*—A creditor by simple contract, having the right to file a bill to set aside a voluntary conveyance as fraudulent, and thereby acquire a lien on the property superior to that of subsequent judgment creditors, may accept from the debtor a mortgage on the lands as security for his debt; and having foreclosed the mortgage by bill in equity, making the donees parties, there is nothing in the transaction of which such creditors can complain, since it merely accomplishes by the act of the parties what the court would have compelled them to do.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. CHARLES TURNER.

The original bill in this case was filed on the 11th August, 1877, by John Reid, jr., as the surviving partner of John Reid & Co., against the executor of the last will and testament of Alfred Battle, deceased, and against William A. Battle and his wife, and their three daughters ; and sought to set aside a deed of gift, by which said Alfred Battle had conveyed a large tract of land to Mrs. Battle and her daughters, appointing her husband (William A. Battle) as their trustee, and to subject the land to the payment of a debt which said Alfred Battle owed to said John Reid & Co. The conveyance, a copy of which was made an exhibit to the bill, was dated the 1st December, 1873, and recited "natural love and affection" for the grantees as its consideration. The complainant's debt was evidenced by the promissory note of said Alfred Battle for $486, dated the 21st March, 1876, and payable one day after date, to the order of John Reid & Co.; but the consideration on which said note was founded was thus stated in the bill : " Whilst said John Reid & Co. were engaged in business in Mobile as aforesaid, they sold goods and merchandise to said Alfred Battle, whereby, on (to-wit) the 10th December, 1872, he became indebted to them, for merchandise sold and delivered to him, to the amount of $95.66 ; and that he also became indebted to them, on (to-wit) the 6th day of March, 1873, for merchandise then sold and delivered to him, in the sum of $295.47 ;" and for the aggregate of these two sums, with interest, he executed said note on the day of its date. Alfred Battle died in January, 1877, and his last will and testament was duly admitted to probate in said county of Hale, on the 10th February, 1877, and letters testamentary granted to William A. Battle, jr., the executor therein named. The bill alleged that said testator " left no widow nor minor child surviving him ;" and by an amendment of the bill, allowed after demurrer sustained to the original, it was added, " and that said Alfred Battle died insolvent."

There was a demurrer to the bill for want of equity, " because it fails to aver that there was any intent on the part of said Alfred Battle, in the making and delivery of said deed of gift, to hinder, delay, or defraud creditors ;" which demurrer the chancellor overruled. A joint answer was filed by Battle and his wife and children, admitting the execution of the conveyance to them as shown by the exhibit to the bill, but disclaiming all interest in the land conveyed by it, except as to one hundred and sixty acres thereof, which was the homestead and residence of said Alfred Battle at the time said deed was executed, and on which he continued to reside, with the said grantees, up to the time of his death ;

[Battle v. Reid.]

and they claimed said homestead as exempt from liability for the debts of said Alfred Battle. They alleged that, at the time said conveyance was executed, Alfred Battle was indebted to Mrs. Evelyn H. King, and becoming afterwards indebted to her in a larger amount, aggregating $2,300, he executed to her, on the 11th April, 1874, a mortgage on said tract of land, except said homestead, as security for said indebtedness; that Battle having failed to pay the secured debt, Mrs. King filed her bill in the Chancery Court of Tuskaloosa, on the 26th June, 1876, against said Alfred Battle and these respondents, asking a foreclosure of said mortgage, and obtained a decree in said suit, in May, 1877, subjecting said lands to sale for the satisfaction of her debt, except the said homestead, which was set apart and allotted to the grantees under their deed; and that at the sale of said lands by the register, on the 20th September, 1877, Mrs. King became the purchaser, and was placed in possession of the lands. On these facts, the respondents claimed the homestead as exempted and allotted to them under the decree of the court, and disclaimed all interest in the other lands. As to the complainant's demand or claim against Alfred Battle, the answer contained a paragraph in these words: "Further answering said bill, respondents aver that the items of $95.66 and $295.47, purporting to represent accounts against Alfred Battle for the years 1872 and 1873 respectively, are barred by the statute of limitations of three years."

The complainant afterwards filed a supplemental bill, by leave of the court, bringing in Mrs. King as a party, attacking the validity of her mortgage, and seeking to set aside her purchase at the register's sale; and Mrs. King filed an answer to that bill, asserting the validity of her mortgage, and the proceedings in the foreclosure suit, a copy of which was made an exhibit to her answer.

On final hearing, on pleadings and proof, the chancellor dismissed the bill as to Mrs. King, holding that the complainant was not entitled to any relief against her, or in reference to the lands which she had purchased at the register's sale; but rendered a decree against the other defendants, setting aside the conveyance, and ordering a sale of the homestead tract, unless the complainant's debt was paid by a day specified. From this decree said defendants appeal, and here assign it as error, together with the overruling of their demurrer to the bill. There seems to have been, also, a cross-appeal by the complainant, from the decree dismissing the bill as against Mrs. King; but it is not shown by the only transcript which has come to the hands of the reporter.

[Battle v. Reid.]

THOS. SEAY, for appellants.

WEBB & TUTWILER, contra.

BRICKELL, C. J.—These are cross appeals from a decree rendered in the Court of Chancery, in a cause wherein John Reid, jr., as surviving member of the firm of John Reid & Co., was complainant, and William A. Battle and others were defendants. The complainant is a simple-contract creditor of Alfred Battle, deceased, and the purpose of the bill is to subject land he in his life had, in consideration of love and affection, conveyed to his daughter-in-law and her children, his grand-children. At the instance of a simple-contract creditor, a court of equity will intervene, and subject to the payment of his debt property which a deceased debtor has in his life fraudulently aliened, or aliened merely upon a good consideration. The court will not, however, intervene, unless a deficiency of legal assets to pay and satisfy the debt is averred, and proved if the averment is not admitted.—*State Bank v. Ellis*, 30 Ala. 478 ; *Grigsby v. Quarles*, 31 Ala. 172 *Halfman v. Ellison*, 51 Ala. 543. It is only because of the inadequacy of legal remedies against the personal representative, that the court intervenes. These remedies are not inadequate, if there are legal assets sufficient for the payment of the debt, which ought in the course of due administration to be so applied.

The original bill contained no averment, negativing the existence of legal assets of the deceased debtor, sufficient to pay and satisfy the complainant's demand ; and it was, consequently, without equity.—*State Bank v. Ellis, supra ; Quarles v. Grigsby, supra ; Pharis v. Leachman*, 20 Ala. 662 ; *Watts v. Gayle, Ib.* 817. There was, however, an amendment of the bill, intended to cure the defect, by adding to the third section, or paragraph, the averment, " and that said Alfred Battle died insolvent." The truth of this averment, though denied by the answers, was, by the counsel for the adults, and the guardian *ad litem* of the infant defendant, admitted in writing, as is recited, to avoid the expense of taking evidence of the fact ; and the admission forms part of the evidence on which the hearing was had.

2-3.   The donees invoke the statute of limitations of three years, as a defense. This statute applies only to open accounts ; and when at law it is pleaded as a defense, an essential averment of the plea is, that the claim or demand upon which suit is founded, is an open account.— *Winston v. Trustees,* 1 Ala. 124 ; *Caruthers v. Mardis*, 3 Ala. 599. The same rule applies in a court of equity.—*Taylor v. Forsey*, 56

[Battle v. Reid.]

Ala. 426. If, upon the face of the bill, it is apparent the claim or demand of the complainant is barred by lapse of time, or by the statute of limitations, the defense is available, in a court of equity, on demurrer, as well as by plea, or answer. The bill does not show that the demand of the complainant against Alfred Battle was, before the taking of his promissory note, an open account. On the contrary, the averments are, that at particular times merchandise was sold and delivered him, for specified prices, or aggregating a specified sum. No other demand or claim is an open account within the meaning of the statute, than one in which some term of the contract is left open, undetermined by the parties ; or when there are current running dealings, and the account, because of contemplated future dealings, is kept open.—*Sheppard v. Wilkins*, 1 Ala. 62 ; *Goodwin v. Harrison*, 6 Ala. 438. The answer, without any averment that the demand was an open account, avers, generally, that it was barred by the statute of limitations of three years. This can not be deemed sufficient.

4. Mrs. King was an existing creditor of the donor, at the execution of the conveyance. Though a creditor at large, it was her right, by filing a bill to avoid the conveyance, to acquire a lien upon the lands, superior to that which subsequent judgment creditors could have acquired.—*Dargan v. Waring*, 11 Ala. 988. Having this right, she accepted a mortgage of the lands from the donor, which was foreclosed by decree, in a cause to which the donees were parties, before the filing of the complainant's bill. It is difficult to perceive any thing in the transaction offensive to the rights, or of injury to the complainant. To say the most of it, the parties merely accomplished that which a court of equity would have compelled. That is well done, which the court would have ordered, and, when done, will be supported.—*Wilson v. Sheppard*, 28 Ala. 623.

On each appeal, the decree of the chancellor is affirmed. ]