## SHEPPARD VS. WILKINS.

1. An open account is one in which some term of the contract is not settled by the parties, whether the account consist of one item or many.

2. Thus, where five loads of corn were sold at the same time and delivered, and there was no stipulation as to the *price,* it is an open account.

Error to the Circuit Court of Dallas County.

THIS was an action of assumpsit brought by the defendant in error against the plaintiff in error.

The declaration is in the usual form. The pleas which are filed in short are—

1. Non assumpsit.

2. That the cause of action did not accrue within three years next before the commencement of the plaintiff's action.

Sheppard v. Wilkins.

3. Statute of limitations. The plaintiff below took issue on the plea of non assumpsit, and to the other pleas that the defendant had been out of the jurisdiction of the State during the time.

Judgment was rendered for the plaintiff below. During the trial a bill of exceptions was taken, from which it appears that the plaintiff proved that, some time in the year 1833 or '4, he had sold and delivered to the defendant, five loads of corn, the sale was made of all the corn at one and the same time, and the money therefor, was due on delivery, which sale and delivery was more than three years, before the commencement of the plaintiff's action. On this evidence the Court charged the jury that if the corn sold and delivered, was sold at one and the same time, and not being different items of account—that the plaintiff's demand was not an open account, within the meaning of the statute and would not be barred until after the expiration of six years from the time the same became due, and although there was no written memorandum or subsequent promise on the part of the defendant to pay said account. To this charge the defendant below excepted, and now assigns the same as error.

CLARK for plaintiff in error, cited Aik. Dig. 270—272.
EDWARDS contra.—6 Conn. Rep. 246.

ORMOND, J.—There are two statutes of limitations applying to parol contracts. The first declares that all actions of account and upon the case except actions for slander and except also such actions as concern the trade of merchandize, between merchant and merchant, their factors and agents, shall be commenced within six years next after the cause of action shall have accrued and not after. (Aik. Dig. 270.)

A subsequent act provides that, " no action shall be brought to recover any money due by open account, after the expiration of three years, from the accruing of the cause of action." There is the same proviso in favor of merchants. (Aik. Dig. 272.)

The question to be settled is, what is the meaning of the term " open account ?" as employed in the act just cited.

The Court below charged, and the defendant's counsel now

insist that the true test is, whether the account consists of one item or many, if the former, it is not an open account, if the latter, it is. It is, however, obvious that if all the terms of the contract were not stipulated, the account must be considered as open, and this must be the case whether the account consist of one or more items. The definition is, therefore, too narrow, as it would not include cases obviously within the grasp of the statute.

In the case of Maury's administrator vs. Mason's administrator. (8 Porter, 230.) This Court in considering this question held this language :—" It may be assumed that, in all cases where the contract is expressed and the duties of each are defined at the time, that it is not an open account. A contract may be made for the sale of goods or to build a house, or to perform any other duty, and although it may never be reduced to writing, it will not, for that omission, become an open account. There is certainly nothing in the statute from which we can arrive at the conclusion that, all accounts must be considered as open, which are not stated or reduced to writing. A contract is certainly neither the one or the other, if all its terms are fixed and certain."

From this authority it appears that, a contract not reduced to writing, not stated, and consisting of more items than one, is not necessarily an "open account within the meaning of the statute, and would not be such if all the terms of the contract were agreed on. So on the other hand if consisting but of one item, and any term of the contract remained open for adjustment it would be an open account within the meaning of the statute."

For example, if a number of articles be sold and delivered at the same time, and the price, amount, and time of payment agreed on, this would not be an open account, because all the terms of the contract are agreed on and settled. On the other hand, if a single article be sold and delivered, and the price or time of payment be left in uncertainty—this is an open account, because there is a term of the contract to be ascertained—the account is, therefore, unliquidated, it is open.

To apply these principles to this case, there was a sale and delivery of five wagon loads of corn at one and the same time,

but it is not stated that the price was agreed on, and we cannot infer that such was the fact, against the silence of the bill of exceptions on this point, especially as the charge of the Court is directed to the precise case stated in the bill of exceptions, *that the account consisted of but one item.* It is true that as to the time of payment, if the parties were silent, the law would infer that it was payable presently, on the delivery of the article sold.

But the *price* was one of the most important terms of the contract, that does not appear to have been agreed on, and the contract must, therefore, be deemed an *open account* within the meaning of the statute.

For the error in the charge of the Court, the judgment must be reversed and the cause remanded.