## SMITH v. BRANCH BANK AT MOBILE.

1. A check drawn upon the Bank payable to-bearer, indorsed by the proper officer that it was "good," is *prima facie* an admission by the Bank, that the money drawn for, is in Bank subject to the order of the drawer. This presumption may be repelled by proof, as that the admission was made by mistake.
2. Such a debt, if due, is not barred by the statute of limitations of three years.

Error to the Circuit Court of Clarke.

Assumpsit by the Bank, against the plaintiff in error, for money paid, laid out, and expended, &c.—and judgment for the plaintiff. Pleas, non-assumpsit, and the statute of limitations.

Upon the trial, a bill of exceptions was taken, from which it appears, that the plaintiff, with other testimony, which it offered to maintain the action, proved, and read to the jury a check, as follows:

Mobile, February 16, 1838.

Branch of the Bank of the State of Alabama, at Mobile, pay to my note, or bearer, seventeen hundred and thirty dollars and thirty-eight cents.—($1,738 38.)

Neal Smith.

On the face of the check it was certified to be good, by the proper officer of the Bank.

The defendant's counsel moved the Court, to charge the jury, that the check was presumptive proof, that the defendant had on deposit in Bank, the amount for which the check was drawn, and that under the plea of the statute of limitations, they should find for the defendant, if they believed three years had elapsed, between the time the action had accrued and the commencement of the suit.

The Court refused these charges, and the defendant excepted, and now assigns them as error.

Graham, for the plaintiff in error.

Blount, contra.

ORMOND, J.—A check drawn upon a Bank, is an order to pay the money recited in it, to the payee, or bearer. The check itself, is a mere assertion of the drawer of his right to draw, but if the money is paid pursuant to the directions of the drawer, it is *prima facie*, an admission by the Bank, that the money drawn for, was in Bank to the credit of the drawer. The same effect must result, from the admission made in writing upon the check, by the proper officer of the Bank, " that it was good," which, in mercantile phrase, is synonymous with a declaration, that it will be paid on presentment to bearer.

This presumption might be repelled, in either case: as for example—by showing that the payment, or admission, was made by mistake, and it is now insisted, that we must assume, that the other evidence spoken of in the bill of exceptions, was sufficient to destroy this presumption. Such may have been the fact, but if so, the Court could not pass upon the testimony, and determine the effect. Whether the other testimony in the cause, did, or did not, destroy the presumption arising from the admission of the Bank, was peculiarly the province of the jury to decide.

The question made upon the statute of limitations, was correctly decided by the Court. The statute of limitations of six years applied, unless this was an " open account." That it was not an open account, so far as it is disclosed upon this record, is shown by the case of Sheppard v. Wilkins, 1 Ala. Rep. 62, and especially by the case of Caruthers & Kinkle v. Mardis' admr's., 3 Ala. Rep. 599.

For the error of the Court in the first charge to the jury, the judgment must be reversed, and the cause remanded.