(78 South. 464)

NANCE v. COUNTESS. (8 Div. 486.)

(Court of Appeals of Alabama. April 2, 1918.)

1. EVIDENCE ⬡➾317(7)—ACTIONS—EVIDENCE —ADMISSIBILITY.

In action against administrator on alleged account stated, question whether witness ever heard of any claim on the estate for nursing was properly excluded, as calling for hearsay testimony.

2. EVIDENCE ⬡➾236(2)—ACTIONS—EVIDENCE— ADMISSIBILITY.

In an action against executor on account alleged to have been stated to the deceased, where defendant sought to show confidential relation to raise presumption that services were gratuitous, witness was properly allowed to say whether she had ever heard deceased mention paying for the services involved.

3. EXECUTORS AND ADMINISTRATORS ⬡➾221(3) —ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action against executor on account for nursing, testimony whether witness ever saw property formerly belonging to deceased in plaintiff's possession was properly excluded as immaterial.

4. EXECUTORS AND ADMINISTRATORS ⬡➾451(3) —ACCOUNT STATED TO DECEASED—RIGHT TO RECOVER.

In action against executor on account alleged to have been stated to deceased for her nursing, an instruction that, if the jury believed from all the evidence that the account

was agreed to as alleged, plaintiff could recover the agreed amount was proper.

**5. EXECUTORS AND ADMINISTRATORS ⬤⇒451(2) — ACCOUNTS AGAINST ESTATE — QUESTIONS FOR JURY.**

In action against executor on alleged account stated to deceased, whether it was agreed there would be but one account, and not one each in favor of both plaintiff and his wife, *held* for the jury.

**6. LIMITATION OF ACTIONS ⬤⇒53(2)—"OPEN ACCOUNT."**

An "open account" within Code 1907, § 4838, stating limitations on open accounts, is one in which some term of the contract is left open and undetermined by the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account.]

**7. LIMITATION OF ACTIONS ⬤⇒199(1) — ACTIONS ON ACCOUNT—QUESTION FOR JURY.**

In action against executor on alleged account stated, whether the entire account was an open account *held* for the jury.

**8. ACCOUNT STATED ⬤⇒20(1)—QUESTION FOR JURY.**

Evidence *held* to present a question for the jury whether an account for nursing was stated.

**9. ACCOUNT STATED ⬤⇒4 — WHAT CONSTITUTES.**

If the parties went over each item of an account and agreed to all the items, it was immaterial whether the items were ever totaled.

**10. TRIAL ⬤⇒252(12)—INSTRUCTIONS.**

In action against executor on account alleged to have been stated to deceased, requested instruction that, even if deceased went over the account and promised to pay it, plaintiff could not recover for part of the account if that part was the debt of her husband was properly refused as abstract.

**11. ACCOUNT STATED ⬤⇒8—INSTRUCTIONS.**

In action on account alleged to have been stated to deceased, it was immaterial whether the wife of plaintiff, in making entries in a book offered in evidence, knew they were correct, when she testified that deceased, having read them, agreed that they were correct.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action in assumpsit by Thomas J. Countess against Mrs. Arthur H. Nance, as executrix of Sarah L. Townsend, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

Most of the facts and charges sufficiently appear. Charge 19, refused to defendant, is as follows:

The court instructs the jury as a matter of law that, even if Sarah.L. Townsend went over the account for 1910, in the spring or summer of 1910, and promised to pay the same, they would be not authorized to find for plaintiff for the part of the account for nursing P. S. Townsend, if they find from the evidence that the charges for such nursing were, when the nursing was done, the debt of P. S. Townsend, and not originally the debt of Sarah L. Townsend.

(20) Unless the jury are reasonably satisfied from the evidence that Mrs. Countess had knowledge, at the time she made the entries on the book offered in evidence, that same was true and correct, then the entries are not to be considered by the jury as evidence of the correctness of the account sued on.

R. E. Smith, of Huntsville, for appellant. Spragins & Speake and Lanier & Price, all of Huntsville, for appellee.

SAMFORD, J. There are four counts in the complaint: First, on open account; second, on account stated; third, for work and labor done; and fourth, for money had and received. To these counts were interposed the plea of the general issue and the statute of limitations of three years to all of the counts except the second, and to the second, the statute of limitations of six years. The defendant was appointed and qualified as executrix, etc., in August, 1914. The verified account in favor of the plaintiff was duly filed with the executrix on the 5th day of April, 1915, and suit was brought on the 16th day of April, 1915; the last item of the account being dated November 3, 1912. There was evidence tending to show that the plaintiff furnished to the deceased certain goods and merchandise, rendered certain services, and furnished certain cash during a period, as shown by the account, from January 1, 1910, to November 3, 1912. The correctness of this account was testified to by the wife of the plaintiff, and was corroborated in some particulars by the testimony of other witnesses. Mrs. Countess further testified that a part of the account was agreed to by the decedent during the summer of 1910, the testimony for the plaintiff tending to show that the account which had accrued up to that time was gone over between the wife of the plaintiff, who kept the account, and the deceased, and that they agreed to the correctness of same up to that time, and that the deceased at that time instructed Mrs. Countess to continue to keep the account, and stated that she wanted to pay it. The book of original entry was offered in evidence and identified as such, showing an account made out against Mrs. Sallie Townsend in favor of the plaintiff. The evidence further tended to show that a part of the account was for nursing the husband of the decedent, and further tended to show that such nursing was done by the plaintiff and his wife at the request of the decedent, and that the price had been agreed upon between them. It was further shown that the Townsends and the plaintiff and his wife were good friends, and that during several years plaintiff had received some checks, aggregating $12 or $15, from the decedent during her lifetime, but there is no evidence that the services were not rendered, or that the goods and other items shown by the account were not furnished by the plaintiff to the decedent. As to that part of the account prior to June, 1910, the evidence tended to show that the account had been presented to the decedent by the wife of the plaintiff; that they went over the items in the book together, and agreed upon the amounts, but the items were never added up, or totaled.

Appellant (defendant in the court below) assigns 21 grounds as error, 5 of which are to rulings upon the evidence, and the balance

---

to the giving and refusing of written charges. These assignments will be treated seriatim.

[1] 1. The court did not err in sustaining appellee's objection to the question propounded by the appellant to the witness John Patterson, to wit, "Did you ever hear of any claim made on Mrs. Townsend's estate for nursing?" This question clearly called for hearsay testimony, and was not admissible.

[2] 2 and 3. The trial court did not err in overruling the defendant's objection to the question propounded to Mrs. Patterson by the plaintiff, to wit, "Did you ever hear Mrs. Townsend say anything about her intention to pay Mr. and Mrs. Countess for their services?" One of the contentions in this case was that the decedent, Mrs. Townsend, had never recognized the debt claimed by the plaintiff, and that on account of the close friendly relations existing between the parties, the services rendered and the goods and cash furnished were voluntary services and gifts. If Mrs. Townsend had made statements contrary to this view, these statements would be relevant as tending to establish one of the contentions in the case.

[3] 4. The court did not err in sustaining appellee's objection to appellant's question propounded to the witness Lottie Woodall, as follows: "Did you ever see any property yourself that Mr. and Mrs. Townsend had that you afterwards saw in the possession of Mr. Countess?" This was clearly immaterial, and tended to present an issue not involved in the trial of this case. Even if it had been made to appear that Mr. Countess had such property, it would not have tended to disprove the account which he is here claiming, there being no evidence to show that it was paid on the account, or that he received it in settlement therefor, if at all.

[4] 5. The court, at the request of the plaintiff in writing, gave the following charge:

"If the jury believe from all the evidence in this case that the account claimed to be a stated account was agreed to by Mrs. Sarah L. Townsend in the spring or summer of 1910, then the plaintiff is entitled to recover such amount as was agreed to be due at that time."

Under the facts in this case, this was a proper charge. The measure of proof required is correctly stated. Sanders v. Davis, 153 Ala. 375, 44 South. 979; A. S. & W. Co. v. Griffin, 149 Ala. 423, 42 South. 1034; State v. O'Hagan, 38 Iowa, 504.

[5] 6. Under the facts in this case, assignments of error 10 and 18 are not well taken. It was a question for the jury to say whether or not it was agreed on and understood when the services claimed in this suit were rendered that there was to be but one bill, and that was to be the bill of the husband. In that case, if the jury believed from the evidence that the services were rendered, the husband could recover, if it was understood that the services were being rendered at the instance of the husband, and the question of the remuneration of the wife would be between the plaintiff and his wife.

[6, 7] 7. Under section 4838 of the Code of 1907, the time for the running of the statute of limitations is to be computed from the date of the last item of the open account. Code, § 4838; Northern Ala. Ry. Co. v. Wilson Merc. Co., 9 Ala. App. 269, 63 South. 34. An open account within the meaning of the statute is one in which some term of the contract is left open and undetermined by the parties. Battle v. Reid, 68 Ala. 149; Caruthers & Kinkle v. Mardis, 3 Ala. 599; Mims, Adm'r, v. Sturtevant, 18 Ala. 359; Sheppard v. Wilkins, 1 Ala. 62. It was therefore a question for the jury under the evidence to say whether or not the entire account was an open account. If so, the statute would not begin to run until the date of the last item. Therefore charges predicated upon a theory opposed to this view are bad, and were properly refused. This ruling will apply to assignments of error 8, 12, 13, 14, 15, 16, and 21; besides the charge made the basis of assignment 13 was bad, in that it was not limited to the count claiming for an account stated.

[8, 9] 8. Under the evidence in this case, it was a question for the jury as to whether there was an account stated between the parties. The fact that the account as agreed to was never totaled is of no consequence. If it was agreed to so as to become certain, it was sufficient. Battle v. Reid, 68 Ala. 149.

9. There was sufficient evidence to go to the jury on each of the counts, and therefore the affirmative charge as requested on the several counts was properly refused. Pollock v. Gunter & Gunter, 162 Ala. 317, 50 South. 155.

[10] 10. The refusal of the charge made the basis of assignment 19 was not error. The charge is abstract.

[11] 11. The charge made the basis of assignment 20 does not state a correct proposition, under the evidence. Whether Mrs. Countess knew of the correctness of the entries or not at the time she made them, she testified that the deceased admitted and agreed to their correctness after they had been made.

We find no error in the record, and the judgment is affirmed.

Affirmed.