### REED v. ROBINSON.　(8 Div. 737.)

(Supreme Court of Alabama.　April 16, 1925.)

1. **Account stated** ⬅1—"Account stated" is assent to balance, express or implied.

An account stated is an assent to the balance, express or implied, and the demand is essentially the same as if a note had been given for balance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account Stated.]

2. **Account stated** ⬅5—Statement of account becomes "account stated" when expressly assented to or impliedly acquiesced in.

A statement of account becomes "account stated" with its legal consequences, when it is actually placed in hands of party to be charged, and, with knowledge of its purport, he expressly assents to balance or his acquiescence is implied.

3. **Evidence** ⬅354(5)—Evidence held to render copy of statement or original loose-leaf ledger entries admissible as best evidence of account stated.

In action on an account stated for lumber, testimony showing delivery of lumber to defendant's place, on order of contractor, the checking of statement of account by contractor at defendant's suggestion, demand for itemized statement of account, and failure to produce it in court, *held* to render copy of statement, or original loose-leaf ledger entries thereof, admissible as best evidence of account stated.

4. **Appeal and error** ⬅656(1) — Recital held self-corrective from context.

In action on account, recital that "account is here offered in evidence by defendant and read to the jury as follows" *held* self-corrective from context, and to mean that same was offered by plaintiff.

5. **Account stated** ⬅8—Secret agreement between defendant and another does not affect plaintiff's right of recovery on stated account.

Where defendant purchased lumber from plaintiff, and account was approved by defendant's contractor, and payment agreed to be made on short time, secret agreement between defendant and his contractor will not affect plaintiff's right of recovery on account stated.

6. **Trial** ⬅121(2)—Remarks of plaintiff's counsel not without inferences of fact not improper.

In action on stated account for balance due on lumber furnished defendant, remark of plaintiff's counsel that lumber of plaintiff went into defendant's building, and that defendant should be made to pay for it, was not improper, where not without inferences of fact to be found in evidence.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action on account stated by C. W. Robinson against J. S. Reed. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Cooper & Cooper, of Huntsville, for appellant.

An account stated is like a promissory note, requiring a payment date. Comer v. Way, 107 Ala. 300, 19 So. 966, 54 Am. St. Rep. 93; Ivy Coal Co. v. Long, 139 Ala. 535, 36 So. 722. The account stated should not have been offered in evidence over protest of defendant that he had never seen the account until the day of trial. Loventhal v. Morris, 103 Ala. 332, 15 So. 672; 1 C. J. 681. Acquiescence must be proven. Christian v. Hill, 122 Ala. 490, 26 So. 149; 1 C. J. 688; 1 A. & E. Ency. 437.

Lanier & Pride, of Huntsville, for appellee.

To constitute an account stated, it is only necessary to show a demand by plaintiff, and that such demand was acceded to by defendant. Ware & Cowles v. Dudley, 16 Ala. 742; Ryan v. Gross, 48 Ala. 370.

THOMAS, J.　The suit is sought to be maintained on a stated account.

The second count averred that the sum claimed was "on account stated, between plaintiff and defendant on the 30th day of March, 1923, which sum of money with interest thereon is still unpaid." Its due date is not specifically averred.

[1, 2] It has been declared in our decisions that an account stated is an assent to the balance, express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. Ivy Coal & Coke Co. v. Long, 139 Ala. 535, 36 So. 722; Comer & Co. v. Way & Edmundson, 107 Ala. 300, 19 So. 966, 54 Am. St. Rep. 93; Loventhal & Son v. Morris, 103 Ala. 336, 15 So. 672. The authorities do not recognize the distinction contended for in appellant's argument—a distinction between stated accounts which "have been merely assented to and agreed to be paid and those which have taken the form of a settlement by express written promise to pay an ascertained balance." Cudd v. Cowley, 203 Ala. 665, 85 So. 13. A statement of account becomes a "stated account," with its legal consequences, when "it is actually placed in the hands of

the party to be charged, and, with knowledge of its purport" he expressly assents to the balance, or that acquiescence is implied. McCarty v. First Nat. Bank, 204 Ala. 424, 85 So. 754, 15 A. L. R. 153.

[3] The testimony for appellee tended to show that O. H. Crick was employed by appellee and sold appellant a bill of lumber at the time McKee was building a house for the latter; that, after the "lumber was delivered to the appellant," the witness Crick saw him and he [Crick] had "an itemized statement of the account" with him "at that time." (A copy of said statement was introduced in evidence.) The witness testified:

"Mr. Reed said, when I carried him this account, that he would have to get Mr. McKee to check it and O. K. it. Mr. McKee did check it and O. K. it, and I carried it back to Mr. Reed, who said he would tend to it in a few days, that he wanted a little more time—wanted to hold his cotton a little longer."

The testimony tending to show delivery of the lumber to defendant's place or building on order by "McKee or some of his workmen" (Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276), the checking of the account by McKee at defendant's suggestion, the demand for the itemized statement of the account, and the failure to produce the same in court, rendered the "copy of the statement" or the original loose-leaf ledger entries thereof (Shepherd v. Butcher T. & H. Co., 198 Ala. 275, 73 So. 498) admissible as the best evidence of the account stated.

[4] The recital that "said account is here offered in evidence by the *defendant* and read to the jury as follows" (italics supplied) is self-corrective from the context, and meant that the same was offered by the plaintiff. Clinton Mining Co. v. Bradford, 200 Ala. 308, 312, 76 So. 74. The evidence is treated above as having been offered by plaintiff and the motion to exclude made by defendant.

[5] There is nothing in the insistence by appellant that a settlement between defendant and McKee, as made by Dillworth, should have been admitted in evidence. It was res inter alios. Reed had agreed to and did buy the lumber from plaintiff, the act was approved by his contractor, and payment was agreed to be made on the short time indicated. The secret agreement between Reed and McKee, if such there was, that would tend to defeat the collection of plaintiff's debt from Reed, will not be permitted to effect plaintiff's right of recovery on stated account.

[6] The argument of plaintiff's counsel that the lumber of Robinson went into this building, and that Reed should be made to pay for it, was not without the inferences of fact to be found in the evidence. There was no impropriety in such an isolated remark or observation of counsel in argument.

The motion for a new trial was properly overruled.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and BOULDIN, JJ., concur.