(112 So. 138)

WEBB v. J. R. LOWE & CO. (7 Div. 629.)

(Supreme Court of Alabama. March 24, 1927.)

1. Bills and notes ⬤➔112—That one or more items entering into consideration for note sued on were based on illegal transactions is complete defense.

It is complete defense to action on promissory note that one or more of items entering into consideration were based on sales or other transactions in violation of law.

2. Account stated ⬤➔1—Recovery on account stated is on assent to balance and agreement to pay it as if on promissory note.

Demand based on account stated is essentially same as if note had been given for balance, and recovery is on assent to balance and subsequent agreement to pay it as if on promissory note.

3. Account stated ⬤➔3—That stated account sued on is partly for price of unregistered commercial fertilizers is good defense.

That stated account is partly for price of unregistered commercial fertilizers is good defense to action thereon.

4. Account stated ⬤➔18(1)—Plea that stated account sued on contains charges for fertilizers sold to defendant in violation of law held not bad as not stating by whom sold.

Plea that stated account sued on contains items and charges for commercial fertilizers sold to defendant in violation of state registration laws held not demurrable as not stating by whom fertilizers were sold; plea necessarily importing sale from plaintiff to defendant.

5. Account stated ⬤➔18(1)—Plea that stated account was partly for price of unregistered commercial fertilizers need not aver manufacturer's identity.

Plea that stated account sued on was in part for price of unregistered commercial fertilizers need not aver what company manufactured fertilizers.

6. Pleading ⬤➔205(1)—Grounds of demurrer that plea is no answer, and sets up no defense to count, are invalid as general demurrers.

Grounds of demurrer that plea is no answer, and sets up no defense to count of complaint, are but general demurrers, and hence invalid.

7. Pleading ⬤➔210—Demurrer to plea that stated account was partly for price of unregistered commercial fertilizers on ground that fertilizers were manufactured by company complying with registration law held bad as "speaking demurrer" setting up new matter.

Demurrer to plea that stated account sued on was partly for price of unregistered commercial fertilizers, on ground that fertilizers composing account were manufactured by company fully complying with registration law, held bad as "speaking demurrer" setting up new matter in avoidance of defense pleaded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

8. Appeal and error ⬤➔1040(6) — Improperly sustaining demurrer to plea that stated account was partly for price of unregistered commercial fertilizers held reversible error.

Improperly sustaining demurrer to plea that account sued on was partly for price of unregistered commercial fertilizers held reversible error, as necessarily prejudicial in depriving defendant of such defense.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by J. R. Lowe & Co. against John E. Webb. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is in four counts; 1 and 2 being in Code form on separate promissory notes, A "for fertilizers sold by plaintiff to defendant in the year 1920"; and B on an account stated on April 21, 1921.

To the first count defendant pleaded ille-

gality of the sales of fertilizers for which the note in part was given, and during the trial plaintiff withdrew that count, and then added count A.

Count 2 was not contested, and judgment was rendered for plaintiff for the amount of the note—$247.87.

To count A defendant pleaded the general issue and limitation of three years; and on that count the court, conceiving that the count was based on an open account, indicated that the general charge would be given for defendant if requested, as was in fact afterwards done. Thereupon, before the evidence had been concluded, plaintiff asked leave to file an additional count, which leave was granted over defendant's objection, and count B was then filed.

To count B defendant pleaded the general issue and special plea C:

"C. For further plea to count B of the complaint, he says that the account sued on thereunder as a stated account is illegal and void, in that items composed therein and upon which plaintiff and defendant agreed consisted of items and charges for commercial fertilizers sold to defendant in the state of Alabama, in violation of the registration laws of the state of Alabama relative to the sales of commercial fertilizers, and in violation of a criminal statute of Alabama, and that such stated account was composed in part for the price of such commercial fertilizers that had not been registered; wherefore plaintiffs should not recover under said count B of the complaint."

To this plea a demurrer was filed as follows:

"(1) That the fertilizers composing stated account sued on in count B were manufactured by the Virginia-Carolina Chemical Company that had fully complied with the law relating the registering of brands of the fertilizer for sale in state of Alabama.

"(2) It is not shown by said plea what fertilizer company manufactured said fertilizer.

"(3) That said plea is no answer to count B.

"(4) That said plea sets up no defense to said count.

"(5) That it is not stated in said plea by whom the fertilizers were sold in violation of law."

The demurrer was sustained, but, in his oral charge to the jury, the trial judge instructed them that plaintiff should not recover for certain parts of the items making up the account which were shown to have been sold in violation of the fertilizer laws. On count B there was verdict and judgment for $1,499.46.

Hugh Reed, of Center, for appellant.

Illegality of any item entering into a promissory note renders the whole note void. The demand of an account stated is essentially the same as that of a promissory note, and one illegal item making up the same would render the whole account void. Reed v. Robinson, 213 Ala. 14, 104 So. 130; Wadsworth v.

Dunnam, 117 Ala. 661, 23 So. 699; Western Union v. Young, 138 Ala. 240, 36 So. 374; Pride v. Comm. Union, 9 Ala. App. 334, 63 So. 803; Code 1923, § 6880; Code 1907, § 4029; Peeples v. Yates, 88 Miss. 289, 40 So. 996; Murphey v. Springs & Co., 200 F. 372, 118 C. C. A. 524, 45 L. R. A. (N. S.) 539; Nash-Wright v. Wright, 156 Ill. App. 243; Elmore v. Stonebraker, 202 Mo. App. 81, 214 S. W. 216.

T. Ben Kerr, of Piedmont, for appellee.

The complaint is in Code form, and is sufficient. Code 1923, § 9531 (1) (11), 9458. An amendment to the complaint, after evidence is in and before the charge of the court, is proper. Smith v. Vaughn, 18 Ala. App. 91, 89 So. 302; Fields v. Karter, 121 Ala. 329, 25 So. 800; Springfield F. I. Co. v. De Jarnett, 111 Ala. 248, 19 So. 995; King v. Gray, 189 Ala. 686, 66 So. 643; Hanchey v. Brunson, 181 Ala. 453, 61 So. 258. Where the illegal item is separable from the remainder of the account, the legal items may be recovered. Sims v. Ala. Brew. Co., 132 Ala. 311, 31 So. 35; 8 C. J. 249; Ala. Nat. Bank v. Parker & Co., 146 Ala. 513, 40 So. 987.

SOMERVILLE, J. [1, 2] It is a complete defense to an action on a promissory note that one or more of the items entering into the consideration of the note were based upon sales or other transactions in violation of law. Wadsworth v. Dunnam, 117 Ala. 661, 668, 23 So. 699. And the doctrine has been recognized in this state that a demand based upon an account stated "is essentially the same as if a promissory note had been given for the balance," and that "the recovery is upon the assent to the balance, and the subsequent agreement to pay that balance, as if upon a promissory note." Loventhal v. Morris, 103 Ala. 332, 336, 337, 15 So. 672, 673; Reed v. Robinson, 213 Ala. 14, 104 So. 130.

[3] Logical consistency would seem to require that the illegality of one or more items of a stated account should render the agreement to pay it invalid, and defeat the action in toto. The principle was settled long ago in this state that, where the illegal items are separate and distinct in description and in price, the plaintiff may separate the legal from the illegal items, and sue for and recover the price agreed to be paid for the former. Leverett v. Garland Co., 206 Ala. 556, 558, 90 So. 343; Pacific, etc., Co. v. Mullen, 66 Ala. 582. And this exceptional principle seems to be recognized in other jurisdictions. 13 Corp. Jur. 515, § 472. But in those cases the plaintiff abandoned his claim as for a stated account, and sued merely for the price of the articles legally sold. The difficulty here is that an action on the original account was held by the trial court as barred by the three years' limitation, to escape which plaintiff was driven to his count on a stated account.

The defense set up in plea C to count B was, if properly pleaded, a good defense to that count.

[4-7] The plea necessarily imports a sale from plaintiff to defendant. It was not necessary for the plea to aver what company manufactured the fertilizer. The second and fifth grounds of the demurrer are therefore bad. The third and fourth grounds are but general demurrers, and therefore invalid. Levitt v. Lowery Banking Co., 96 Ala. 381, 11 So. 442. The first ground is bad because it is a "speaking demurrer," setting up new matter in avoidance of the defense set up in the plea.

[8] If, therefore, there was any ·defect in the plea, it was not pointed out by any ground of the demurrer, and the demurrer must be held to have been improperly sustained; and, since defendant's deprivation of that defense was necessarily prejudicial, ·the error must work a reversal of the judgment. Other questions need not be considered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.