170 So. 61

## PENNEY & BINFORD v. HUDSON INS. CO.

### 6 Div. 902.

Supreme Court of Alabama.

Oct. 8, 1936.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellants.

Victor H. Smith, of Birmingham, for appellee.

**ANDERSON, Chief Justice.**

■ The appellants were the local agents of the appellee for several years, the agency terminating December, 1932, when appellee withdrew its business in the state. It seems that subsequent to the termination of the agency the appellee and appellants had negotiations looking to an adjustment between them as to what was due by the appellants to the appellee for the unpaid premiums collected, or which should have been collected, by appellants. It appears that an agent of the appellee and one of the defendants had a conference and, after going over and checking up the books, finally agreed upon the balance due the appellee and Binford, one of the defendants and a member of the firm, executed the following acknowledgment and obligation:

"We hereby acknowledge the statement of indebtedness presented by your Mr. J. L. Brandmaier, amounting to $3,139.87 as being correct. This amount has accrued from delinquent balance of our agency. At the present time we are unable to pay the whole or any part of it. However, we faithfully promise that if the cotton market is fairly favorable this fall, we will pay our entire indebtedness, or at least a very substantial payment thereon, by November first 1933.

"We exceedingly regret the delay in clearing this balance, however we assume that you are fully aware of our circumstances.

"Yours truly,     Penney-Binford
        "By R. T. Binford

"Acknowledged before me, as Notary Public in and for Jefferson County, State of Alabama, this the 17th day of July, 1933.

"Emma Gideon, Notary Public [Seal]"

This was an assent to the amount due from the appellants and was an account stated and was essentially the same as if a promissory note had been given for the amount. Reed v. Robinson, 213 Ala. 14, 104 So. 130; Webb v. J. R. Lowe & Co., 215 Ala. 552, 112 So. 138.

■ The signor of the foregoing, as a witness, attempted to explain and qualify the contents of same and to show that the admission referred to an indebtedness from J. E. Penney, a third person, and not to one against the firm of Penney & Binford who had been released by the plaintiff. His testimony, however, at best for defendants, merely created a partial conflict in the testimony and presented questions properly left to the jury by the trial court. There was therefore no error in refusing the general charge as requested by the defendants.

■ It is contended by appellants' counsel that the defendants were due the general charge as to the count for money had and received upon the idea that they had not actually collected the premiums. It is sufficient to say that it was open for the jury to find that defendants had collected some premiums which had not been sent to the plaintiff. The list shows policies issued to others than J. E. Penney, and if defendants collected any premiums which should have been remitted to the plaintiff and which were not made, and regardless of the amount, they were not entitled to the general charge as to the count for money had and received.

■ The instrument signed by Binford does not appear upon its face to be a promise to answer for the debt or default of another. It was the mere acknowledgment of a debt and a promise to pay of the defendants to the plaintiff and was not objectionable as evidence for the failure to express a consideration under the stat-

ute of frauds, and as to whether or not it was for the debt of another was an issue for the jury and which issue was fairly presented to the jury by defendants' given charges B. and Y.

The trial court did not err in refusing the defendants' motion for a new trial. The verdict of the jury was not contrary to the weight of the evidence, but we think the weight was in support of the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.