48 So.2d 56

### CREAMER v. DODD et al.

### 8 Div. 913.

Court of Appeals of Alabama.

Oct. 3, 1950.

W. H. Key, Jr., of Russellville, for appellant.

Williams & Williams, of Russellville, for appellees.

HARWOOD, Judge.

Suit below was in assumpsit, the complaint containing counts for work and labor done, and materials furnished. The defendant pleaded the general issue.

A jury trial resulted in a verdict in favor of the plaintiff, his damages being assessed at $950.

The defendant's motion for a new trial being overruled he perfected his appeal to this court.

The sole point argued in appellant's brief asserts error in the action of the lower court in refusing defendant's request for the general affirmative charge, and in denying his motion for a new trial. The alleged error infecting both these rulings results from failure of the plaintiff to offer evidence tending to show that the amounts claimed due for the work and materials furnished were the reasonable market value of such items.

It appears from the evidence that the defendant Creamer contacted the plaintiff Dodd early in June 1948 in reference to furnishing materials and work on some gins owned by the defendant.

Mr. Dodd testified that he undertook the work, and furnished certain materials, and that no price was agreed upon, or as he stated: "No price was considered."

Mr. Dodd further testified that upon completion of the undertaking he sent a statement to the defendant. The original amount of the statement was $2,068.67, upon which credits were allowed in the amounts of $543.90, for returned merchandise, and $500 paid on 19 July 1948, leaving a balance due of $1,106.57.

Without objection an itemized statement of this account was received in evidence.

Mr. Dodd testified that before the $500 payment he had gone over the entire statement with the defendant. The defendant at that time had agreed to pay $1,000 but had stated he wanted to go home and "write his own check." A few days later a check in the amount of $500 was received from the defendant. Mr. Dodd stated that the defendant said the account "was just too much," but it is inferable from his tes-

timony that after that the defendant agreed to make the $1,000 payment, presumably on account.

Miss Susie Davidson, bookkeeper for the plaintiff, testified that she was present in the office at the time Mr. Dodd went over defendant's account with him. She stated that she did not hear the defendant object to any item on the account, and that the defendant said he would send a check for $1,000 as payment on the account; that "he wanted to write it on his own check." Later a $500 check was received from the defendant through the mail.

In his own behalf the defendant testified that before any of the materials or work and labor were furnished by the plaintiff he discussed with the plaintiff what he needed and wanted, and the plaintiff agreed to furnish the materials and do the work for $500; that he had paid the said $500, and returned certain of the materials and owed the plaintiff nothing.

■ This hopeless conflict in the evidence of course raised a question of fact solely within the province of the jury to resolve. It is apparent from their verdict that in the main they accepted the version deducible from the evidence submitted by the plaintiff.

■ The testimony of the plaintiff and Miss Davidson, plaintiff's bookkeeper, tends to establish that the account became stated at the time of the conference between the plaintiff and defendant. Reed v. Robinson, 213 Ala. 14, 104 So. 130; Nance v. Countess, 16 Ala.App. 434, 78 So. 464. Certainly under Miss Davidson's testimony such fact could be reasonably inferred by the jury. Such evidence established plaintiff's prima facie case, including the correctness of the account in all its aspects in the absence of a showing of fraud, mistake, or omission. Powell v. Pickett, 219 Ala. 18, 121 So. 23.

The lower court therefore properly refused appellant's request for the affirmative charge. Further, we find no basis for disturbing the lower court's ruling denying appellant's motion for a new trial.

Affirmed.