The HOME INDEMNITY
COMPANY, Plaintiff,

v.

BALL-CO CONTRACTORS,
INC., Defendant.

Civ. A. No. 85–0614–P.

United States District Court,
S.D. Alabama, S.D.

June 30, 1986.

John D. Richardson, James P. Green,
Brown, Hudgens, Richardson, P.C., Mobile,
Ala., for plaintiff.

Bert S. Nettles, Sidney W. Jackson, III,
Nettles, Barker, Janecky & Copeland, Mo-
bile, Ala., for defendant.

OPINION AND ORDER

PITTMAN, Senior District Judge.

This is a non-jury case tried by this
court. The court makes the following
Findings of Fact and Conclusions of Law.

*Findings of Fact*

The Home Indemnity Company (Home Indemnity) is an insurance corporation organized and existing under the laws of the State of New York with its principal place of business in New York and was at all times material hereto authorized to conduct business in the State of Alabama.

The defendant Ball-Co Contractors, Inc. (Ball-Co) is a Delaware corporation with its principal place of business in Bay Minette, Baldwin County, Alabama.

The amount in controversy in this action is in excess of $10,000.00, exclusive of interest and costs.

In mid–1979, the defendant, Ball-Co, negotiated with the Waldorff Insurance and Bonding Agency of Fort Walton Beach, Florida, to secure worker's compensation and general automobile and liability insurance coverage for its operations. As the result of these negotiations, Home Indemnity issued to the defendant, Ball-Co, a worker's compensation policy being Policy Number WC 9849538, with a policy term from October 7, 1979 to October 7, 1980, and a general liability policy, numbered GA 9878803, with a term from October 7, 1979 to October 7, 1980.

These two policies provided that the initial estimated premium was an estimated premium only and that a final earned premium would be calculated after the policy term based upon an audit of the defendant, Ball-Co's, books and records.

The initial estimated premium for Policy Number WC 9849538 was $19,890.00. This amount was paid by the defendant to the plaintiff in equal monthly installments.

The estimated premium for Policy Number GA 9878803 was calculated to be $25,627.00, and was also paid by the defendant, Ball-Co, to the plaintiff, Home Indemnity, upon the issuance of this policy.

Subsequently, on or about November 25, 1980, a final audit of Ball-Co's books and records for the policy term was conducted by the plaintiff, Home Indemnity. The audited exposure numbers indicated on the audits of these two policies are correct and indicate the true dollar volume of payroll and/or business done by the insured, Ball-Co, during the policy term.

As a result of these audits, it was determined that the total earned premium for Policy Number WC 9849538 was $60,965.00, which after deduction of the amount paid as an estimated premium, left an additional earned premium of $41,075.00.

The audit also showed that the earned premium for Policy Number GA 9878803 was $32,207.00, which after deduction of the amount paid as an estimated premium, left an additional earned premium due of $6,580.00. The parties are in agreement that this amount is due on the general liability policy and that the amount is correct. The issue of whether the defendant is legally liable for the additional earned premium due on this particular policy is a question of law, subject only to the defendant's defenses of statute of limitations and the equitable defenses of waiver, estoppel and laches.

The above referenced worker's compensation policy was renewed for the policy period from October 7, 1980 to March 1, 1981, when it was cancelled. This renewal policy was Policy Number WC 1053226. The above referenced general liability policy was renewed for a like period, the renewal policy being Policy Number GL 1136856.

The total estimated annual premium for the renewal worker's compensation policy (WC 1053226) was calculated to be $48,213.00. The total estimated annual premium for the renewal general liability policy (GL 1136856) was calculated to be $19,903.00.

Both the worker's compensation and general liability renewal policies were cancelled effective March 1, 1981, due to nonpayment of premiums, when this dispute arose between the insured, Ball-Co, and the insurer, Home Indemnity, over the additional earned premium due of the prior policies.

Subsequently, in May and September of 1981, audits were conducted of the insured's books and records which resulted in the calculation of earned premiums in the total amount of $11,843.00 on the renewal worker's compensation policy, and $9,284.00 on the renewal general liability policy. After deduction of the amounts prepaid on these policies, there remained due and owing the amounts of $8,910.00 on the renewal worker's compensation policy (WC 1053226), and the amount of $8,701.00 on the renewal general liability policy (GL 1136856).

It is undisputed that the total additional earned premium due on the renewal general liability policy (GL 1136856) is $8,701.00, the defendant, Ball-Co's, legal liability for the payment of said sum being totally dependent upon the insured's defenses of the statute of limitations and the equitable defenses of waiver, estoppel and laches.

There is no dispute that the correct modification rate was applied to the calculation of the estimated premium on the renewal worker's compensation policy (WC 1053226).

By correspondence dated April 6, 1981, Home Indemnity informed Ball-Co that the amount due it for adjusted premiums on the subject insurance policies was $47,655.00.

By correspondence dated September 24, 1981, Home Indemnity informed Ball-Co that the amount due it for adjusted premiums on the subject insurance policies was $66,144.00.

By correspondence dated December 16, 1981, Home Indemnity informed Ball-Co that the amount due it for adjusted premiums on the subject insurance policies was $65,266.00.

By correspondence dated April 14, 1981, August 27, 1981, and December 5, 1981, Ball-Co informed Home Indemnity that it disputed the calculations and amount of adjusted premiums allegedly due Home Indemnity.

It was admitted at trial that the defendant, Ball-Co, does not dispute the additional amounts due on either the initial general liability policy (GA 9878803) or the two renewal policies (WC 1053226 and GL 1136856).

This action was filed on April 3, 1985.

*Conclusions of Law*

This court has jurisdiction over the subject matter of this case by virtue of 28 U.S.C. § 1332.

The parties are properly before this court, are properly named, and venue is proper in this district.

Plaintiff's complaint contains two counts. The first seeks damages for breach of contract. The second seeks recovery of unpaid premiums in a stated account.

The total amount sought in this action is $65,266.00. Taking the allegations of the complaint, along with the plaintiff's contentions of fact and the stipulated facts, as well as the evidence presented at trial, it is clear that there is more than one claim for relief stated, to-wit: an account stated for additional premiums due on Policy Number GA 9878803, in the amount of $6,580.00; an account stated for additional premiums due on Policy Number WC 1053226, in the amount of $8,910.00; an account stated for additional premiums due on Policy Number GL 1136856, in the amount of $8,701.00; and an open account on Policy Number WC 9849538.

In reaching this conclusion, the court relies upon Fed.R.Civ.P. 8(f), "all pleadings shall be so construed as to do substantial justice," along with the mandate of Rule 54(c), "every final judgment shall grant the relief to which the party ... is entitled, even if the party has not demanded such relief in his pleadings."

Although Rule 54(c) typically is used to justify, for example, an award of damages where injunctive relief is sought, see *e.g.*, *Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir.1975), its reach is not limited to situations of that sort. See 10 C. Wright, A. Miller & M. Kane *Federal Practice and Procedure: Civil* § 2664 (2d ed. 1983) and cases cited therein.

Here, the plaintiff seeks to recover money due under four policies of insurance. Each policy was a separate transaction, and evidence was introduced as to each policy. As developed below, the court finds that the plaintiff's right to recover on one policy is time-barred; as to the others, it is not. Clearly, the court's power, indeed, its duty to construe pleadings, weigh evidence and shape appropriate relief is not limited by the pleader's failure to separately state his claims for relief in separate counts.

The court further finds that since the parties have been aware, since the outset of this litigation, that the four policies form the basis for this lawsuit, neither party is prejudiced by the court's disposition of this case. *Cf. Cioffe v. Morris*, 676 F.2d 539, 542 (11th Cir.1982).

■ An account stated, in Alabama, is not founded on original liability. Rather, it is a new agreement between the parties to an original account wherein the parties agree that the balance struck is correct and further agree that the debtor will pay that amount. *White v. Sikes, Kelly, Edwards & Bryant, P.C.*, 410 So.2d 66 (Ala.Civ.App. 1982).

An account stated is subject to the six-year statute of limitations set forth in Ala. Code § 6–2–34(5) (1975).

■ An open account is one in which some term of the contract is left open and undetermined by the parties. *Nance v. Countess*, 16 Ala.App. 434, 78 So. 464 (1918).

An open account is subject to the three-year statute of limitations set forth in Ala. Code § 6–2–37 (1975).

The court finds that the subject insurance policies form the basis of the amounts allegedly due. The amount ultimately due was left open, subject to an audit of defendant's books.

The ultimate amount due on Policy Number WC 9849538 has been objected to by the defendant, and the defendant has refused to pay any further amount allegedly due on that policy.

■ As to Policy Number WC 9849538, the court finds this is a suit on an open account. As such, it is subject to the limitations period of three years as set out in Ala.Code § 6–2–37 (1975).

Inasmuch as the account on Policy Number WC 9849538 was rendered on April 6, 1981, and this action was filed on April 3, 1985, the court finds that the action is time barred as to Policy Number WC 9849538. Ala.Code § 6–2–37 (1975).

■ Inasmuch as there has been no dispute as to the amounts allegedly due under policy numbers WC 1053226, GL 9878803, and GL 1136856, the court finds that the claim for the amounts due under those policies form an account stated.

Since less than six years has passed between the statement of accounts and the bringing of this action, defendant's defense of the statute of limitations must fail.

### Equitable Defenses

Defendant Ball-Co Contractors, Inc. asserts that this action for premiums due on the remaining insurance policies is also barred by the equitable defense of laches. It acknowledges that in order for laches to apply, the defendant must show that the failure of the plaintiff to assert its claim earlier has caused prejudice to the defendant. *First Alabama Bank of Montgomery, N.A. v. Martin*, 425 So.2d 415 (Ala. 1983).

The applicability of the doctrine of laches must be determined on the facts of each particular case. *Lindley v. Lindley*, 274 Ala. 570, 575, 150 So.2d 746 (1963).

■ The test to be used in determining the applicability of the doctrine of laches is based upon whether or not the party against whom relief is sought has in some way been disadvantaged by a delay. The mere lapse of time is not sufficient. *Lipscomb v. Tucker*, 294 Ala. 246, 258, 314 So.2d 840 (1975). It must also clearly appear that some harm or prejudice has resulted from the delay. *Id.* In addition, the burden of showing the prejudice caused by the delay rests upon the party seeking to invoke the doctrine. *Id.*

■ In the instant case, the burden is upon the defendant, Ball-Co, to prove that there has been a lapse of time or delay

which has resulted in some harm or prejudice. While the evidence shows that Ball-Co was experiencing financial difficulties during the period of time that it was covered by the subject policies, the evidence also clearly shows that Ball-Co's refusal to pay any additional premiums was due to the dispute over the additional premiums due on the initial worker's compensation policy (WC 9849538). The court finds that the refusal to pay premiums on policy numbers WC 1053226, GA 9878803, and GL 1136856 was unjustified and unreasonable. The maxim that he who comes into equity must come with clean hands applies as well to a defendant who seeks affirmative relief as to a plaintiff. *Malone v. State ex rel. Gallion,* 285 Ala. 493, 497, 234 So.2d 32, 35 (1970). This court refuses to allow a party to benefit from his wrongdoing. Therefore, the court finds that the plaintiff's claims are not barred by the doctrine of laches.

For the reasons stated above, the court also finds that Ball-Co's defenses of estoppel and waiver must fail.

The court, therefore, finds that the plaintiff, The Home Indemnity Company, is entitled to recover of the defendant, Ball-Co Contractors, Inc., as follows:

| Policy Number | Amount |
|---|---|
| GA 9878803 | $ 6,580.00 |
| WC 1053226 | 8,910.00 |
| GL 1136856 | 8,701.00 |
| | $24,191.00 |