The **HOME INDEMNITY COMPANY,**
Plaintiff-Appellant, Cross-Appellee,

v.

**BALL–CO CONTRACTORS, INC.,**
Defendant-Appellee,
Cross-Appellant.

No. 86–7655

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1987.

John D. Richardson, Brown, Hudgens & Richardson, James P. Green, Benjamin H. Brooks, III, Mobile, Ala., for plaintiff-appellant, cross-appellee.

Bert S. Nettles, Lynn Etheridge Hare, Sidney W. Jackson, III, Mobile, Ala., for defendant-appellee, cross-appellant.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Home Indemnity sued Ball-Co for additional premiums due on four insurance policies, a workmen's compensation policy and a general liability policy issued in 1979 and renewals of these policies issued in 1980. The complaint contained two counts, a claim for breach of contract for unpaid premiums and a claim on a stated account for the same unpaid premiums. The district court treated these counts as one cause of action and held that the original workmen's compensation policy was barred by Alabama's three-year statute of limita-

tions for actions on open accounts. Ala. Code § 6–2–37, 645 F.Supp. 25 (S.D.Ala.1986).

We express no opinion on whether the district court was correct in holding that Home Indemnity's action on Ball-Co's account for the original workmen's compensation policy was an action on an open account, but we hold that the district court erred in failing to consider Home Indemnity's breach of contract claim as a separate cause of action.

Alabama has a six-year statute of limitations for breach of contract actions. Ala. Code § 6–2–34(4). Under Alabama law an insurance contract is governed by the same general rules as other contracts. An insurer, therefore, can bring a breach of contract action against its insured for unpaid premiums. *See Auto-Owners Ins. Co. v. Culpepper,* 426 So.2d 435, 438 (Ala.Civ. App.1983); *Southern Guaranty Ins. Co. v. Rhodes,* 243 So.2d 717 (Ala.Civ.App.1971).

The original workmen's compensation policy provided that Home Indemnity would determine the final premium owed on the policy after an evaluation of Ball-Co's business at the end of the policy period.[1] Either party had a cause of action for breach of contract if the other party failed to comply with this provision. Such a breach of contract action is different from a suit on an open account. "A suit on account is an action in assumpsit and must be founded upon a contract, express or implied." *Marsala v. Gulf Shores Building Supply, Inc.,* 367 So.2d 479, 481 (Ala. Civ.App.1979). For example, where a party has charged his purchases from a local grocer, an action by the grocer against the purchaser for the amount of the purchases is an action on an open account.[2]

Home Indemnity's open account claim against Ball-Co was a claim for the fair value of the insurance services that it had provided to Ball-Co during the policy period. Its breach of contract claim, though also relating to Ball-Co's failure to pay the additional premium, was based on Ball-Co's breach of the premium provision of the insurance policy. The district court therefore erred in dismissing Home Indemnity's claim relating to the original workmen's compensation policy, because the claim was not barred by the three-year statute of limitations for actions on open accounts but was instead governed by the longer statute of limitations for breach of contract actions.[3]

The district court did not err in rejecting Ball-Co's assertion of the equitable defenses of laches and estoppel regarding the three policies other than the original workmen's compensation policy. We therefore affirm the district court's judgment as to these three policies and reverse the dismissal of Home Indemnity's claim regarding the original workmen's compensation policy and remand this claim for consideration on the merits.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

1. The policy provided in relevant part:
   (3) PREMIUM: The premium stated in the Additional Declarations is an estimated premium only. Upon termination of each annual period of this endorsement, the Insured, on request, will furnish this Company a statement of the total number of employees at the end of the period and the earned premium shall be computed on the average of the number of employees at the beginning and the end of such period in accordance with the rates specified in the Additional Declarations. If the earned premium thus computed exceeds the estimated premium paid, the Insured shall pay the excess to this Company; if less, this Company shall return to the Insured the unearned portion paid by such insured.

2. If the purchaser agrees that he owes the amount charged, then the action to collect that amount is an action on a stated account. *White v. Sikes, Kelly, Edwards, and Bryant, P.C.,* 410 So.2d 66, 68 (Ala.Civ.App.1982) ("An account stated is not founded on the original liability but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount.").

3. The court's failure to consider a separate breach of contract action regarding the other three policies is harmless error, because Ball-Co admitted it owed amounts claimed with respect to these policies.